IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| RICKY SMITH, | |
| Movant, | CIVIL ACTION NO.: 5:14-cv-8 |
| | 5:19-cv-53 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No.: 5:10-cr-22) |
| Respondent. | |

**O R D E R**

These matters are before the Court in an attempt to untangle a series of confusing filings and docket entries across three different action numbers, all related to Movant Ricky Smith ("Smith").[1] For the reasons which follow, the Court **ORDERS** as follows:

1. *Case Number 5:14-cv-8.* The Clerk of Court shall **TERMINATE** all currently pending motions, (Docs. 38, 43, 46), and **RESTRICT** access to Documents Numbered 38 through 50 on the docket of Case Number 5:14-cv-8. Case Number 5:14-cv-8 shall remain **CLOSED**.

2. *Case Number 5:10-cr-22.* The Clerk of Court shall **REINSTATE** as an active, pending motion Document Numbered 98 (portion requesting evidentiary hearing) in Case Number 5:10-cr-22 and **FILE** Document Numbered 40 in Case Number 5:14-cv-8 (a "letter" filed on January 22, 2019) in Case Number 5:19-cv-53.

3. *Case Number 5:19-cv-53.* The Clerk of Court shall **FILE** the following documents in Case Number 5:10-cr-22 in Case Number 5:19-cv-53: Documents Numbered 98, 99, 103, 104, 105, 106, 107, 108, and 111. Regarding those entries, Documents Numbered 98, 103, 104, 105, 106, and 108 should be given a June 28, 2019 *nunc pro tunc* filing date when they are docketed in Case Number

---

[1] This Order should be docketed in all three actions. However, access to this Order should **not** be restricted in Case Number 5:14-cv-8.

> 5:19-cv-53. Additionally, Documents Numbered 98 and 103 should be docketed as active, pending motions in Case Number 5:19-cv-53.

All parties are advised any future filings related to Smith's second § 2255 Motion, initiated on June 28, 2019, are to identify in the caption of the filing only "Case Number 5:19-cv-53 (5:10-cr-22)", and filings shall only be docketed in those two cases. Future filings related to the second § 2255 Motion should not include Case Number 5:14-cv-8 or be docketed in that case.

## DISCUSSION

After entry of a guilty plea, Smith was convicted of being in possession of a firearm and ammunition by a convicted felon and being an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Case No. 5:10-cr-22, Doc. 51. On August 29, 2011, the Honorable William T. Moore, Jr. imposed upon Smith a 170-month sentence, to be followed by a 5-year term of supervised release, based on Smith's status as an armed career criminal. Id. at 2–3. Smith filed no direct appeal. However, he did file a 28 U.S.C. § 2255 motion on January 24, 2014 (Smith's first § 2255 motion), which initiated Case Number 5:14-cv-8. Case No. 5:10-cr-22, Doc. 56; Case No. 5:14-cv-8, Doc. 1.[2]

The Court appointed counsel to represent Smith regarding his first § 2255 motion and, after a hearing, this Court denied that motion, finding Smith did not receive ineffective assistance of counsel entitling him to file an out-of-time appeal, Smith's motion was untimely, and Smith was properly sentenced under the Armed Career Criminal Act ("ACCA"), § 924(e). Case No. 5:14-cv-8, Docs. 18, 21. The Court closed this case. Id., Docs. 21, 22. Smith filed an appeal with the Eleventh Circuit Court of Appeals, which was denied. Id., Docs. 25, 32. Smith later

---

[2] This Court "double dockets" filings when a criminal defendant files a § 2255 motion to vacate, set aside, or correct his sentence and conviction, i.e., the § 2255 motion is filed in the defendant's criminal proceedings and is used to initiate a separate civil proceeding. All subsequent filings relating to § 2255 motions are docketed in both the defendant's criminal and civil proceedings.

2

filed an application for permission to file a second or successive § 2255 motion, and the Eleventh Circuit granted his application on November 20, 2018, thus authorizing this Court to consider any such § 2255 motion.  Case No. 5:10-cr-22, Doc. 97.  The Eleventh Circuit's grant was based on Smith's prima facie showing of a claim under Johnson v. United States, 576 U.S. 591 (2015),[3] and there was no indication in the Pre-Sentence Investigation Report ("PSR") or the sentencing hearing transcript this Court "relied on the elements or enumerated-offenses clauses, or the clause regarding serious drug offenses, in applying his ACCA enhancement."  Id. at 8.  The Eleventh Circuit noted Smith's Georgia burglary conviction qualifies as an ACCA predicate offense, but it is unclear whether Smith's prior convictions for aggravated assault and armed robbery qualify as violent felonies under the ACCA.  Id.

Smith then submitted a motion for evidentiary hearing and motion for appointment of counsel.  Case No. 5:10-cr-22, Doc. 98; Case No. 5:14-cv-8, Doc. 38.  Although Smith provided only his criminal case number in this Court and his docket number with the Eleventh Circuit on this submission, the Clerk of Court docketed this motion in both Smith's criminal case and Case Number 5:14-cv-8, the civil action related to Smith's first § 2255 motion.  Case No. 5:10-cr-22, Doc. 98; Case No. 5:14-cv-8, Doc. 38.  For reasons which are unclear, this motion is marked

---

[3]   In Johnson v. United States, the United States Supreme Court explained the ACCA:

> defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*'  § 924(e)(2)(B) (emphasis added).  The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

576 U.S. 591, 594 (2015).  The Court held "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process."  Id. at 606.  However, the Court also emphasized its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."  Id.

"sealed" in Smith's criminal proceedings but not in Case Number 5:14-cv-8. Case No. 5:10-cr-22, Doc. 98. I granted Smith's motion for appointment of counsel but reserved ruling on the portion of this motion requesting an evidentiary hearing by Order dated June 18, 2019, using the captions for both Smith's Case Numbers 5:14-cv-8 and 5:10-cr-22 but only citing to Smith's criminal case, as the motion should have been filed only in Smith's criminal case. Case No. 5:10-cr-22, Doc. 108; Case No. 5:14-cv-8, Doc. 44. This motion requesting an evidentiary hearing is correctly showing as still pending in Smith's Case Number 5:14-cv-8 because it was not fully resolved but is not currently showing as pending in Case Number 5:10-cr-22.[4]

Meanwhile, Smith executed his second or successive § 2255 motion (identified herein as Smith's second § 2255 motion) on June 20, 2019, and it was docketed on June 28, 2019, correctly as a new civil action and in the criminal case. Case No. 5:19-cv-53, Doc. 1; Case No. 5:10-cr-22, Doc. 109. The Court ordered the Government to file a response to Smith's second § 2255 motion on July 2, 2019. Case No. 5:10-cr-22, Doc. 110; Case No. 5:19-cv-53, Doc. 2. On July 10, 2019, Smith's appointed counsel filed an amended second § 2255 motion, but that amended motion contained the caption for Smith's criminal case and, erroneously, the caption for his first § 2255 motion, Case Number 5:14-cv-8. Smith's amended second § 2255 motion was docketed in all three cases. Case No. 5:10-cr-22, Doc. 112; Case No. 5:14-cv-8, Doc. 47; Case No. 5:19-cv-53, Doc. 3. The Government filed a motion to dismiss Smith's amended second § 2255 motion as untimely, which was also docketed in all three cases, even though the motion for dismissal bears the correct criminal caption and incorrect caption of Smith's first § 2255 proceedings. Case No. 5:10-cr-22, Doc. 113; Case No. 5:14-cv-8, Doc. 46; Case No.

---

[4]  Even though Smith's Amended § 2255 Motion was docketed on July 10, 2019, it bears Document Number 47, whereas the Government's Motion to Dismiss Smith's Amended § 2255 Motion was docketed on July 30, 2019, and bears Document Number 46.

5:19-cv-53, Doc. 6.[5]  Smith's counsel filed a response to the motion to dismiss and correctly appended only the captions for Smith's criminal case and Case Number 5:19-cv-53. Nevertheless, the response was filed in all three cases.  Case No. 5:10-cr-22, Doc. 114; Case No. 5:14-cv-8, Doc. 48; Case No. 5:19-cv-53, Doc. 7.  The Government filed a reply, and Smith filed a surreply, both of which include the captions for all three of Smith's cases and were filed in all three cases.  Case No. 5:10-cr-22, Docs. 115, 116; Case No. 5:14-cv-8, Docs. 49, 50; Case No. 5:19-cv-53, Docs. 8, 9.[6]  The Court's review of Smith's criminal and civil proceedings reveals any documents filed in Case Number 5:14-cv-8 after Document Number 37, (Order dated May 25, 2018), should not have been docketed in that cause of action and should have only been docketed in 5:19-cv-53 and the criminal action, Case Number 5:10-cr-22.

## CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. *Case Number 5:14-cv-8.*  The Clerk of Court shall **TERMINATE** all currently pending motions, (Docs. 38, 43, 46), and **RESTRICT** access to Documents Numbered 38 through 50 on the docket of Case Number 5:14-cv-8.  Case Number 5:14-cv-8 shall remain **CLOSED**.

2. *Case Number 5:10-cr-22.*  The Clerk of Court shall **REINSTATE** as an active, pending motion Document Numbered 98 (portion requesting evidentiary hearing) in Case Number 5:10-cr-22 and **FILE** Document Numbered 40 in Case Number 5:14-cv-8 (a "letter" filed on January 22, 2019) in Case Number 5:19-cv-53.

3. *Case Number 5:19-cv-53.*  The Clerk of Court shall **FILE** the following documents in Case Number 5:10-cr-22 in Case Number 5:19-cv-53: Documents Numbered 98, 99, 103, 104, 105, 106, 107, 108, and 111.  Regarding those

---

[5]  The Government, realizing Smith also has two § 2255 proceedings, filed a motion for leave to file backdated motion to dismiss in Case Number 5:19-cv-53 and attached its Motion to Dismiss from Case Number 5:14-cv-8.  Case No. 5:19-cv-53, Docs. 4, 4-1.  The Court granted this motion and considered the Government's motion for dismissal in Case Number 5:19-cv-53 to be filed timely.  Id., Doc. 5.

[6]  The filings in Smith's criminal case bearing Documents Numbered 113, 114, 115, and 116 are not properly identified.  These filings should bear the identification of the docket entries in Smith's second § 2255 proceedings (motion to dismiss, response, reply, and surreply, respectively).  The Court **DIRECTS** the Clerk of Court to amend the docket in Smith's criminal case to make the proper identifications.

5

entries, Documents Numbered 98, 103, 104, 105, 106, and 108 should be given a June 28, 2019 *nunc pro tunc* filing date when they are docketed in Case Number 5:19-cv-53.  Additionally, Documents Numbered 98 and 103 should be docketed as active, pending motions in Case Number 5:19-cv-53.

**SO ORDERED**, this 2nd day of February, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA