## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

RICKY SMITH,

      Movant,

    v.

UNITED STATES OF AMERICA,

      Respondent.

CIVIL ACTION NO.: 5:19-cv-53

(Case No.: 5:10-cr-22)

## <u>ORDER AND REPORT AND RECOMMENDATION</u>

Movant Ricky Smith ("Smith") filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, as amended after the Court appointed counsel. Docs. 1, 3. The United States filed a Motion to Dismiss, Smith filed a Response, the Government filed a Reply, and Smith filed a Surreply. Docs. 6, 7, 8, 9. Smith also filed a Motion for Evidentiary Hearing and a Motion to Clarify With Immediate Release. Docs. 13, 15. The Court ordered the parties to file briefing to address whether Smith was sentenced under the residual clause of the Armed Career Criminal Act ("ACCA"), and the parties have done so. Docs. 20, 23, 26. Smith also filed two supplemental briefs, the Government filed a Response, and Smith filed another supplemental brief. Docs. 29, 30, 31, 32.[1] For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DENY** Smith's § 2255 Motion, as amended. I **DENY** Smith's Motion for Evidentiary Hearing and Motion to Clarify.

---

[1] These supplemental briefings are not germane to the issues addressed in this Order and Report and will not be addressed further.

**BACKGROUND**

Smith was indicted on one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), based on his having been convicted of a felony on an occasion prior to May 8, 2010.  United States v. Smith, 5:10-cr-22 ("Crim. Case"), Doc. 1.  Smith and his attorney, Edward Smith, were able to reach a plea agreement with the Government whereby Smith agreed to plead guilty to the sole count of the indictment, acknowledge the truth of the factual basis contained in the plea agreement, and provide full and truthful cooperation with law enforcement officials.  Crim. Case, Doc. 50 at 2.  In return, the Government agreed to recommend a three-level reduction for acceptance of responsibility and to consider whether Smith's cooperation qualified as "substantial assistance."  Id.

A provision of the plea agreement noted Smith faced a 15-year minimum sentence on this charge, as Smith had at least three qualifying felony offenses under the ACCA, 18 U.S.C. § 924(e).  Id. at 1.  Indeed, the Government filed a motion for downward departure based on Smith's assistance.  Crim. Case, Doc. 47.  The Honorable William T. Moore, Jr. sentenced Smith to 170 months' imprisonment under §§ 922(g)(1) and 924(e) on August 29, 2011, and judgment was entered on September 1, 2011.  Crim. Case, Doc. 51.  Smith's 170-month sentence was based in part on the Government's motion for downward departure, as Smith's advisory Guidelines' range was 180 to 210 months' imprisonment.  Crim. Case, Doc. 59 at 9, 11.

On January 24, 2014, Smith filed his first § 2255 motion, contending his counsel did not file an appeal on his behalf and his burglary conviction under Georgia law was divisible and could not support his ACCA enhancement without the Court making the proper inquiry.  Crim. Case, Doc. 56.  Smith filed a supplement to his motion on June 9, 2014, raising a claim his burglary conviction was no longer a violent felony under the ACCA and citing Descamps v.

United States, 570 U.S. 254 (2013).[2]  Crim. Case, Doc. 70.  The Court appointed counsel and

conducted an evidentiary hearing.  Crim. Case, Docs. 62, 66.  The Court denied Smith's motion,

finding it without merit and untimely.  Crim. Case, Docs. 76, 79.  The Court's judgment was

entered on December 3, 2014, and Judge Moore denied Smith's motion for certificate of

appealability on March 24, 2015.  Crim. Case, Docs. 80, 88.  Smith filed a notice of appeal and a

motion for certificate of appealability, which was denied on June 18, 2015.  Crim. Case, Docs.

83, 87, 89.

Smith then filed a motion to supplement in this Court on September 15, 2016, and

asserted his Georgia burglary and aggravated assault convictions could no longer be considered

crimes of violence for ACCA sentencing purposes in light of the United States Supreme Court's

decision in Johnson v. United States, 576 U.S. 591 (2015).  Crim. Case, Doc. 91.  On June 28,

2017, Judge Moore construed Smith's motion as a motion to amend and denied the motion

because the § 2255 proceedings had concluded and because Smith had an attorney.  Crim. Case,

Doc. 92.

Smith then filed an application for leave to file a second or successive § 2255 motion

with the Eleventh Circuit Court of Appeals on July 25, 2018, based on four grounds relating to

his ACCA enhancement.[3]  Crim. Case, Doc. 97.  The court construed Smith's grounds as: (1) his

ACCA enhancement was unconstitutional in light of Johnson and Welch v. United States, 578

---

[2]    In Descamps, the Supreme Court discussed the approach a court may take when analyzing whether a prior conviction is a violent felony under the ACCA.  E.g., 570 U.S. at 260–65.

[3]    Smith moved to supplement his § 2255 motion on September 15, 2016, and Judge Moore denied this motion, which he construed as a motion to amend, on June 28, 2017.  Crim. Case, Docs. 91, 92.  Smith filed nothing more until July 25, 2018, when he filed his application for leave to file a second or successive § 2255 motion with the Eleventh Circuit.  Viewing these facts in the light most generous to Smith, he filed nothing in pursuit of his rights for 13 months' time, i.e., Smith filed nothing between Judge Moore's denial of his construed motion to amend and his application with the Eleventh Circuit.

U.S. 120 (2016) (determining <u>Johnson</u> is retroactively applicable to cases on collateral review), because this Court made an improper determination regarding his armed robbery and aggravated assault convictions under the residual clause;[4] (2) this Court improperly concluded his burglary conviction is a predicate offense under the ACCA's residual clause; (3) this Court improperly determined his prior robbery and aggravated assault convictions are predicate offenses under the defunct "crime of violence" definition in 18 U.S.C. § 16(b); and (4) this Court improperly determined his prior burglary conviction is a predicate offense under the defunct "crime of violence" definition in § 16(b).  <u>Id.</u> at 2.  The Eleventh Circuit, in a panel decision issued on November 20, 2018, found Smith made the requisite showing his application contains a <u>Johnson</u> claim.  <u>Id.</u> at 8.  Specifically, the Eleventh Circuit stated, "There is no indication in the [Pre-Sentence Investigation Report ("PSR")] or the sentencing hearing [transcript] that the sentencing court relied on the elements or enumerated-offenses clauses, or the clause regarding serious drug offenses, in applying his ACCA enhancement."  <u>Id.</u>  Stated another way, the court observed, "[N]either the record nor current binding precedent makes undeniably clear that, absent the residual clause, Smith's enhanced sentence was validly entered . . . ."  <u>Id.</u> (internal citation omitted).  Under existing precedent, the Eleventh Circuit stated affirmatively that Smith's burglary conviction under Georgia law qualifies as an ACCA predicate.  <u>Id.</u>  However, the Eleventh Circuit had not, at that time, addressed whether aggravated assault or armed robbery

---

[4]     <u>Welch</u> was decided on April 18, 2016.  However, "[i]t is important to note that 28 U.S.C. [§] 2255(f)(3) requires that a § 2255 motion relying on a newly-recognized right must be filed within one year from 'the date on which the right asserted was initially recognized by the Supreme Court[.]'" <u>Holland v. United States</u>, Civil Action No. 2:16-cv-67, 2016 WL 3014689, at *3 (S.D. Ga. May 24, 2016) (citations omitted).  "Further, the one-year period prescribed by § 2255(f)(3) runs from the date of the Supreme Court's ruling initially recognizing the right asserted[] and <i>not</i> from the date the newly recognized right was found to be retroactive.  <u>Id.</u> (emphasis in original) (citing <u>Dodd v. United States</u>, 545 U.S. 353, 358 (2005)).  The Supreme Court decided <u>Johnson</u> on June 26, 2015.

qualify as violent felonies for ACCA enhancement purposes.  Id.  The court determined Smith had not made the requisite showing on his § 16(b) claims (grounds 3 and 4).  Id. at 6.

On June 28, 2019, Smith filed the instant § 2255 Motion pro se.  Doc. 1.  In this Motion, Smith states his sentence was improperly enhanced under the ACCA because his Georgia convictions for armed robbery and aggravated assault are no longer valid predicate offenses in light of Johnson.[5]  This Court had previously appointed counsel, and Amy Lee Copeland filed an Amended § 2255 Motion.  Doc. 3.  The Government filed a Motion to Dismiss Smith's Amended § 2255 Motion as untimely.  Doc. 6.  Smith filed a Response, the Government filed a Reply, and Smith filed a Surreply.  Docs. 7, 8, 9.  The parties also provided briefing relating to the relative merits of Smith's contentions regarding his previous convictions under Georgia law in response to this Court's Order.  Docs. 20, 23, 26, 29, 30, 31, 32.  These matters are fully briefed and ready for the Court's review.

## DISCUSSION

In moving to dismiss Smith's Amended § 2255 Motion as untimely, the Government points to 28 U.S.C. § 2255(f)(3), which allows for the filing of a § 2255 motion within one year of the date a newly recognized right by the United States Supreme Court was made retroactively applicable to cases on collateral review.  Doc. 6 at 4.  The Government states Smith did not file the instant § 2255 Motion on or before June 26, 2016—one year after the Johnson decision—and instead filed his pro se Motion on June 20, 2019, rendering it untimely filed.  Id. at 4–5.  The Government contends, to the extent Smith may argue the Eleventh Circuit implicitly found he

---

[5]      The Eleventh Circuit determined Smith presented two Johnson-based claims—grounds 1 and 2. Crim. Case, Doc. 97 at 6, 9.  However, the panel also stated Smith's burglary conviction qualifies as an ACCA predicate under Gundy v. United States, 842 F.3d 1156, 1168–69 (11th Cir. 2016).  Id. at 8.  To the extent the Court looks to the relative merits of Smith's claims here, it will address any claims relating to his non-burglary convictions.  This is especially so since Smith and counsel effectively abandoned any claim related to the counting of his prior burglary conviction.  Docs. 3, 29, 30.

was not time-barred from raising his <u>Johnson</u> claims by granting him permission to file a second or successive § 2255 motion, such a finding is irrelevant to the timeliness of his Motion.  <u>Id.</u> at 4 n.3.  The Government states Smith did not file his request to file a second or successive motion with the Eleventh Circuit until June 23, 2018, making his claims untimely by two years.  <u>Id.</u> at 5. Additionally, the Government asserts, even if the Court construes Smith's September 13, 2016 motion for leave to supplement as the date he filed his <u>Johnson</u>-based claims, his claims are still untimely.  <u>Id.</u>

Smith argues the Government's Motion to Dismiss should be denied for two reasons. First, Smith contends the Government made a representation in a previous filing about the deadline for filing, Smith filed within that deadline, and the Government should now be estopped from arguing untimeliness.  Specifically, Smith notes the Eleventh Circuit granted Smith's application to file a second § 2255 motion on November 20, 2018.  Doc. 7 at 2.  Smith then moved to extend the time for him to file that motion, which the Government opposed.  In its opposition, the Government said Smith had one year from the Eleventh Circuit's grant to file a second or successive § 2255 motion (i.e., until November 20, 2019), to file his Motion.  <u>Id.</u> at 5 (quoting Crim. Case, Doc. 101 at 1).  Smith filed his second § 2255 Motion on June 28, 2019, which he contends is "well within the one-year period prescribed by the [G]overnment."  <u>Id.</u> at 6. Thus, Smith argues the Government is barred from adopting a contrary position based on judicial estoppel.  <u>Id.</u>

Second, Smith contends, if this Court does not find judicial estoppel bars the Government's current position, equitable tolling should be applied.  <u>Id.</u> at 9.  Specifically, Smith contends: he did not have counsel in 2016 when he filed his motion to supplement; Smith's appointed counsel's representation lasted at least through October 19, 2015, yet counsel did not

file any <u>Johnson</u>-based claims during this time; Smith had resided in at least four different penal institutions from the time he filed his first § 2255 motion and when he filed his motion to supplement in 2016; and Smith's 2016 motion to supplement contained a <u>Johnson</u> claim. <u>Id.</u> at 11–13.

The Government asserts it simply made a mistake in saying Smith had until November 20, 2019, to file his second § 2255 motion, and judicial estoppel does not apply to inadvertence—only to intentional contradictions—and should not apply here. Doc. 8 at 2. The Government notes its misstatement was not calculated to make a mockery of the judicial system, derive an unfair advantage, or impose an unfair detriment on Smith. <u>Id.</u> at 3. The Government also maintains its response to Smith's motion to stay had no effect on the timeliness of Smith's § 2255 motion, because the time for Smith to file a timely § 2255 motion had passed long before he even filed his motion to stay. <u>Id.</u> at 5. The Government contends equitable tolling does not apply because Smith has not shown he was pursuing his rights diligently or that some extraordinary circumstance prevented him from timely filing his <u>Johnson</u> claims. <u>Id.</u> at 6–10.

In his Surreply, Smith asserts the Government's Reply, in which the Assistant United States Attorney ("AUSA") states another AUSA made an incorrect statement regarding Smith's time for filing, creates a "confusing situation for an attorney . . . [and] an impossible situation for a pro se litigant like Smith." Doc. 9 at 2. Smith also asserts the Government can fully waive the statute of limitations period, especially in situations like these, where application would be unfair. <u>Id.</u> at 2–3.

I.      **Smith's § 2255 Motion Is Untimely Under the Statute of Limitations Period**

As relevant here, the one-year statute of limitations period began "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." 28 U.S.C. § 2255(f)(3). Smith raises <u>Johnson</u>-based claims in his successive § 2255 Motion. The Supreme Court issued <u>Johnson</u> on June 26, 2015, and he had until June 26, 2016, to file a timely § 2255 motion raising <u>Johnson</u>-based claims. <u>Dodd v. United States</u>, 545 U.S. 353, 359 (2005) (determining the § 2255(f)(3) limitations period begins to run on the date the Supreme Court initially announces a new rule like <u>Johnson</u>, even if the Court does not make this rule retroactive until later).

To the extent Smith may present the <u>Welch</u> decision on April 18, 2016, <u>see</u> doc. 7 at 9, as the triggering event for the statute of limitations under § 2255(f)(3), such a claim must fail. Although <u>Johnson</u> was not made retroactively applicable to cases on collateral review until April 18, 2016, Smith would have still had more than two months' time to file his application for leave to file a second or successive § 2255 motion and for that application to have been considered timely by statute. As Smith did not file that application until July 2018 and did not execute his current § 2255 Motion until June 20, 2019, his Motion is untimely under § 2255(f)(3). It must be determined whether Smith is entitled to equitable tolling.

II.     **Equitable Tolling Does Not Excuse Smith's Untimeliness**

An otherwise untimely § 2255 motion may be considered if a movant can demonstrate either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of § 2255's statutory deadline, but only if a movant "shows '(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way' and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007).  Nevertheless, equitable tolling is applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances."  Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the movant must establish both.  See Damren v. Florida, 776 F.3d 816, 821–22 (11th Cir. 2015).

Smith contends the following facts entitle him to equitable tolling: the Government's inconsistent position about the timeliness of his § 2255 motion; his lack of counsel in September 2016; being in lock down status; transferring through four different penal institutions; and the filing of a motion with the Court on September 12, 2016.  Doc. 7 at 9–13.  In addition, Smith argues he had permission to file a successive § 2255 motion, and the Government knew he intended to pursue this successive motion, indicating the Government "may wish to disregard" the statute of limitations.[6]  Doc. 9 at 3.  However, none of these factors—either singly or consideration in combination—warrant this Court equitably tolling the statute of limitations period.

First, the Eleventh Circuit has determined a successive § 2255 motion filed after the one-year statute of limitations setting forth Johnson-based claims does not provide grounds for the court to deny permission to file that successive motion, particularly where the parties have not

---

[6]     Indeed, it seems *Smith* has disregarded the applicable statute of limitations, as found in § 2255(f). In his Response to the Motion to Dismiss, Smith relies on estoppel and then "skips" over the statute of limitations, instead focusing on whether equitable tolling allows him to proceed with this § 2255 Motion. Doc. 7 at 5–17.

had "fair notice and an opportunity to present their positions" relating to the statute of limitations.  In re Jackson, 826 F.3d 1343, 1347 (11th Cir. 2016).  In Jackson, the court noted the Government may not have known about Jackson's application and could not "take a position on the case" until he "actually file[d] his § 2255 motion" in the district court.  Id. at 1348.  Thus, in this case, the Government could not make a timeliness argument until June 28, 2019, when Smith's successive § 2255 motion was filed.  Doc. 1.  While the Government made a passing statement (or misstatement) about the deadline for Smith to file his successive motion, it did not take any specific position on timeliness until Smith actually filed the motion.  Indeed, once Smith filed his successive motion, the Government moved quickly to dismiss the motion as untimely.  Doc. 6.

Regarding Smith's legal representation, this Court appointed Joshua Campbell to represent Smith in his first § 2255 proceeding.  Crim. Case, Doc. 62.  After this Court denied Smith's § 2255 motion, he filed a notice of appeal with the Eleventh Circuit and a petition for writ of certiorari with the Supreme Court after the Eleventh Circuit denied his appeal.  Crim. Case, Docs. 76, 79, 80, 83, 86, 89, 90.  The Supreme Court denied Smith's petition on October 19, 2015, which is the date Smith's current counsel reasonably lists as perhaps the termination of Mr. Campbell's representation.  Crim. Case, Doc. 90.  Nearly a year later, on September 13, 2016, Smith submitted a pro se motion to supplement his first § 2255 for filing in this Court. Crim. Case, Doc. 91.  Judge Moore construed Smith's motion as a motion to amend and denied that construed motion, considering the posture of the case and Smith's potential representation status, by Order dated June 28, 2017.  Crim. Case, Doc. 92.  More than a year after Judge Moore's Order, Smith filed his application to file a second or successive § 2255 with the Eleventh Circuit.  In re Ricky Smith, No. 18-13115 (showing opening date of July 25, 2018).

The Eleventh Circuit granted Smith's application on November 20, 2018.  Id. (showing last dkt. entry on Nov. 20, 2018); Crim. Case, Doc. 97.

Smith has not shown he was diligently pursuing his Johnson-based claims raised in his current § 2255 motion.  Even construing the record in the light most favorable to Smith, he raised his instant claims on September 13, 2016, when he submitted his motion to supplement. However, this was nearly 15 months after the Johnson decision was issued and 3 months after the expiration of the statute of limitations provided for by Johnson, § 2255(f)(3), and Smith offers no reason he waited to file his Johnson-based claims.  Moreover, Smith then waited nearly two years and more than a year after Judge Moore denied his construed motion to amend to file his application with the Eleventh Circuit.  Again, Smith offers no reason for his delay and makes no showing he was diligently pursuing his claims during this time.

Further, Smith's proffered reasons for filing outside of the statutory period reveal no extraordinary circumstances prevented his earlier filing.  Smith argues he was represented by counsel for at least several months after the Johnson decision was issued and, therefore, he should be excused from meeting the mandatory deadline for filing.  This argument plainly fails. Sandvik v. United States, 177 F.3d 1269, 1272 (11th Cir. 1999) (attorney's negligence not enough to equitable toll statute of limitations period).  Smith's status as a represented or pro se party is of no moment, as such status has no bearing on the timeliness of Smith's § 2255 Motion. To be sure, Smith filed a pro se motion for leave to supplement his previously filed § 2255 motion in September 2016.  Crim. Case, Doc. 91.  He also filed his pro se application for leave to file a second or successive § 2255 motion with the Eleventh Circuit nearly two years after the filing of the motion for leave to supplement and a year after Judge Moore denied that motion. Crim. Case, Docs. 92, 95, 97.  Smith has pointed to nothing indicating he could not have filed an

11

application to file a second or successive motion—regardless of his representation status—prior to July 2018 or even before September 2016.

Smith's contentions relating to being housed in four different penal institutions between the filing of his first § 2255 motion in 2014 and the filing of his September 2016 motion to supplement are also unavailing.  See Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007) ("Paulcin's transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances.  Paulcin failed to allege specifically or present evidence that his detention in county jail, due to pending criminal charges, was extraordinary or anything other than routine.").  Even if Smith's various transfers could qualify as an extraordinary circumstance, Smith provides no information regarding any transfers between approximately the middle of May 2015 and his September 2016 filing.  Doc. 7 at 13. This represents the entirety of the one-year statute of limitations period for filing Johnson-based claims—and then some.

Smith has not met his burden of showing his entitlement to equitable tolling of the statute of limitations period.  To meet this burden, Smith was required to demonstrate diligence in pursuing his claims and an extraordinary circumstance prevented him from filing in a timely manner.  Smith has shown neither.  The Court should **GRANT** Respondent's Motion to Dismiss and **DENY** Smith's successive § 2255 Motion as untimely.  The Court nonetheless addresses Smith's contention the Government should be estopped from raising a timeliness issue.

### III.   Judicial Estoppel Does Not Bar the Government From Challenging the Timeliness of Smith's Second § 2255 Motion

"Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position."  Sumner v. Michelin N. Am., Inc., 966 F.

Supp. 1567, 1571 (M.D. Ala. June 13, 1997) (quoting Helfand v. Gerson, 105 F.3d 530, 534 (9th Cir. 1997), in turn quoting Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 600 (9th Cir. 1996)). "The doctrine is intended to prevent a litigant from 'playing fast and loose with the courts.'" Id. (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)). This doctrine is "invoked at [a] court's discretion." Clark v. Bd. of Regents of Univ. Sys. of Ga., 243 F. Supp. 3d 1367, 1374 (S.D. Ga. 2017) (citation omitted). The Supreme Court has provided a test which "typically inform[s]" whether to apply judicial estoppel, though this test is not an "'exhaustive formula for determining the applicability of'" the doctrine. Henderson v. Franklin, 782 F. App'x 866, 871 (11th Cir. 2019) (quoting New Hampshire v. Maine, 532 U.S. 742, 751 (2001)). This three-part test is: "(1) whether the position is clearly inconsistent with the earlier position; (2) whether the party succeeded in persuading a court to accept its earlier position such that it 'would create the perception that either the first or the second court was misled'; and (3) whether the party, if not estopped, would 'derive an unfair advantage or impose an unfair detriment on the opposing party.'" Id. (quoting New Hampshire, 532 U.S. at 750–51). However, "'judicial estoppel must not be applied to an inadvertent inconsistency[,]'" id. (quoting New Hampshire, 532 U.S. at 753), or "'mistake' because judicial estoppel 'looks toward[] cold manipulation and not an unthinking or confused blunder.'" Slater v. U.S. Steel Corp., 871 F.3d 1174, 1181 (11th Cir. 2017) (quoting Johnson Serv. Co. v. Transamerica Ins. Co., 485 F.2d 164, 175 (5th Cir. 1973)).

Smith's invocation of the judicial estoppel doctrine stems from the Government's response to his motion to stay. Doc. 7 at 4. The Eleventh Circuit granted Smith's application to

file a successive § 2255 motion on November 20, 2018.[7]  Crim. Case, Doc. 97.  On January 15, 2019, Smith moved to stay his § 2255 proceedings, arguing he was unable to use the law library because the prison in which he was incarcerated was under a lock down and he did not know when the lock down would be lifted.  Crim. Case, Doc. 100.  The Government stated in its response a stay was not necessary because Smith had one year from the Eleventh Circuit's November 20, 2018 grant to file his successive § 2255 motion.  Crim. Case, Doc. 101.  In his Order denying Smith's motion for a stay, Judge Moore did not mention the Government's response or any issues related to timeliness.  Instead, Judge Moore acknowledged the Eleventh Circuit's grant to Smith to file a successive § 2255 motion and stated, "Although [Smith] has not yet filed his petition pursuant to the Eleventh Circuit's directive, this Court will not stay this action."  Crim. Case, Doc. 102.  Smith now claims the Government should be estopped from making a timeliness argument as to his second or successive § 2255 motion, which was executed on June 20, 2019, and amended on July 10, 2019.  Docs. 1, 3.

The Government has presented inconsistent positions—stating Smith had one year from November 20, 2018, to file his successive § 2255 motion, which he did, and stating Smith's second or successive § 2255 motion is untimely.  Crim. Case, Doc. 101; Doc. 6.  Viewing this in the light most favorable to Smith, this part of the test for application of judicial estoppel weighs in Smith's favor.  However, there is no evidence or indication Judge Moore relied on the Government's previous position in denying Smith's motion to stay.  As noted above, Judge Moore did not even mention the Government's response to the motion to stay or any timeliness

---

[7]   The Eleventh Circuit did not address any timeliness concerns in its decision on Smith's application, which is understandable, because timeliness is not part of the analysis for allowing a second or successive motion under 28 U.S.C. § 2255(h).  Crim. Case, Doc. 97.  Stated another way, the Eleventh Circuit's grant of permission to file a second or successive § 2255 motion under subsection (h) is a separate inquiry from whether Smith's motion is timely under subsection (f).

concerns.  Instead, Judge Moore observed Smith had not yet filed his motion, indicating there was nothing to "stay."  Additionally, there is nothing indicating the Government would derive any unfair benefit from its earlier representation.  In fact, Smith's § 2255 Motion was already untimely when he filed his motion to stay on January 18, 2019, and even more untimely when the Government responded to that motion on February 1, 2019.  Crim. Case, Docs. 100, 101.  Accordingly, the Government's misstatement of the law regarding Smith's timeline is immaterial to the timeliness of Smith's current § 2255 Motion, which was filed on June 28, 2019.  Doc. 1.  Finally, Smith has not shown the Government's representation in response his motion to stay was anything other than an inadvertence or mistake and not a "cold manipulation."  Indeed, there is nothing in the record suggesting the Government's statement was anything other than an inadvertent misstatement of the law.  Thus, the Government should not be estopped from advancing a timeliness argument.

**CONCLUSION**

For the above-stated reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DENY** Smith's § 2255 Motion.  I **DENY** Smith's Motions for Evidentiary Hearing and to Clarify.  Docs. 13, 15.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to

file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of May, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA